UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SEAN DARRAGH,

        Petitioner,

v.

Case No.: 5:25-cv-216-SPC-PRL

WARDEN, FCC COLEMAN-LOW,

        Respondent.
_____/

## OPINION AND ORDER

On May 13, 2025, Petitioner Sean Darragh filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2241, in which he asserts that the Federal Bureau of Prisons ("BOP") has incorrectly determined he is ineligible from receiving the benefits of earned time credits under the First Step Act ("FSA").[1] (Doc 6). In its response, Respondent contends the petition should be denied because Darragh is ineligible for earned time credits due to his conviction under 18 U.S.C. § 924(c), and he is serving a single, aggregate sentence that includes an ineligible offense. (Doc. 13). Darragh filed a reply and motion for judgment on the pleadings. (Doc. 16).

---

[1] Under the mailbox rule, courts consider a pro se prisoner's paper constructively filed on the date he delivers it to prison officials for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988).

## I.   Background

Darragh pleaded guilty to possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (count one), and carrying a firearm during and in relation to a narcotics trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two). *United States v. Darragh*, No. 2:21-cr-497, Docs. 79, 80 (D. Utah Dec. 28, 2022). He was sentenced on March 27, 2023, to a total of 120 months' imprisonment: 60 months on count one and 60 months on count two to run consecutively. *Id.*, Docs. 96, 98.

Darragh claims the BOP has incorrectly determined he is ineligible to earn credits under the FSA. Specifically, he claims the BOP has improperly aggregated his five-year sentence for his § 924(c) offense and should be eligible for earned time credits for the five-year sentence imposed for count one. (Doc. 6 at 6–7, 12–25). Respondent contends that the petition should be denied because Darragh is not eligible for credits under the FSA due to his § 924(c) conviction and because he is serving a single, aggregate sentence. (Doc. 13). In reply, Darragh asserts the Respondent failed to address certain arguments raised in the petition and moves for judgment on the pleadings. (Doc. 16).

## II.   Analysis

The Supreme Court has recognized that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503

U.S. 329, 335 (1992). The FSA directed the Attorney General to develop and release a system for assessing the risk and needs of prisoners. *See* 18 U.S.C. § 3632(a). Relevant here, the FSA requires the BOP to assign prisoners to appropriate evidence-based recidivism reduction programs or productive activities based on an individualized risk and needs assessment. *See* 18 U.S.C. §§ 3621(h)(1)(A), 3632(a)–(b). A prisoner who successfully completes these programs earns additional time credits. 18 U.S.C. § 3632(d)(4)(A). However, prisoners are not eligible to receive these earned time credits if they have been convicted under any of sixty-eight statutory provisions, including a conviction under § 924(c), a conviction for which Darragh pleaded guilty and was sentenced. 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, Darragh is ineligible to earn FSA credits for time served for his § 924(c) conviction.

Additionally, "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. § 3584(c). Provision of time credits, like those earned under § 3632, is an administrative function of the BOP. *See Chambers v. Warden Lewisburg USP*, 852 F. App'x 648, 650 (3d Cir. 2021) ("The BOP was permitted to aggregate Chambers's otherwise-consecutive sentences into a single unit for purely administrative purposes[.]); *see also United States v. Llewlyn*, 879 F.3d 1291, 1295 (11th Cir. 2018)

(describing "computing inmates' credit for time served" as the BOP's administrative duty).

The appellate courts that have considered this issue have come to the same conclusion: that the BOP properly aggregates multiple-count sentences involving a consecutive § 924(c) sentence. *See Colotti v. Peters*, No. 25-1191, 2025 WL 1321386, at *2 (3d Cir. May 7, 2025) (per curiam) ("[T]he BOP properly aggregated [petitioner's § 924(c) and RICO] convictions as a single sentence for purposes of FSA time credits."); *Clinkenbeard v. Murdock*, No. 24-3127, 2025 WL 926451, at *1 (8th Cir. Mar. 27, 2025) (per curiam) ("[T]he BOP correctly treated [petitioner's § 924(c) and drug-trafficking crime] prison terms as a single aggregate sentence . . . and therefore properly denied him FSA credits."); *Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (per curiam) (holding BOP properly aggregated sentences for § 924(c) and other, non-disqualifying offenses and accordingly determined he was ineligible to receive FSA time credits); *see also Bonnie v. Dunbar*, --- F.4th ----, 2025 WL 3084718, at *1 (4th Cir. Nov. 5, 2025) (holding calculation for inmate serving a 22-month revocation sentence for a § 924(c) offense was properly aggregated with 120-sentence imposed for new offense).

In a case involving this same issue, another court in the Middle District of Florida found:

> Because § 3632(d)(4)(D) addresses an inmate's eligibility to earn time credits, the provision of which is an administrative function, it follows that the word "sentence" cannot be defined without reference to § 3584(c)'s aggregation mandate. Therefore, the Court finds that Petitioner is serving a single, aggregated sentence that includes his [§] 924(c) conviction, rendering him ineligible to earn time credits for his entire term of imprisonment.

*Silva v. Warden, FCC Coleman-Low*, No. 5:22-cv-629-WFJ-PRL, 2024 WL 98212, at *2 (M.D. Fla. Jan. 9, 2024), *reconsideration denied*, 2024 WL 3597155 (M.D. Fla. July 31, 2024). The *Silva* court further concluded that the plain language of § 3632 and § 3584 warranted this result. "The interaction of sections 3632 and 3584 is central to defining 'sentence' in § 3632." *Id.* Because the BOP must aggregate sentences for administrative purposes, § 3584(c), and calculating time credits is an administrative function, § 3632, an inmate is serving a single, aggregated sentence. *Id.*

Based on this persuasive authority, the Court concludes that awarding time credits is an administrative function and Darragh's sentence is properly aggregated for administrative purposes. Additionally, because this conclusion is based on the unambiguous interpretation of the statutory provisions, the Court affords no deference to the BOP's interpretation of the statute. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412, (2024) ("Courts must exercise their independent judgment in deciding whether an agency has acted within its statutory authority[.]"). And to the extent Darragh's papers can be construed to contend the BOP's actions violate his

constitutional rights, there is no protected liberty interest in FSA time credits. *See Gant v. King*, No. 23-cv-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement."); *see also Fontanez v. Rardin*, No. 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. April 24, 2024) ("Courts that have considered the issue 'have routinely found that a federal inmate does not have a liberty interest in receiving credits under the [FSA].'") (collecting cases).

Because Darragh is ineligible for earned time credits due to his § 924(c) conviction and the BOP correctly aggregates his sentence for administrative purposes, the amended petition is denied.[2]

Accordingly, it is now

**ORDERED:**

1. Darragh's Amended Petition for Writ of Habeas Corpus (Doc. 6) is **DENIED with prejudice**.

---

[2] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition. *Schriro v. Landrigan*, 550 U.S. 465 (2007). Darragh does not proffer any evidence that would necessitate an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. *Schriro*, 550 U.S. at 474.

2. Darrah's motion for judgment on the pleadings (Doc. 16) is **DENIED as moot**.

3. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 18, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies: All Parties of Record